UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travanti Roberts,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:04-cr-00370-TLW-1<br>C/A No. 4:22-cv-02344-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of a filing by Petitioner Travanti Roberts in which he alleges that he is not guilty of one of his offenses of conviction and that the sentence on that count is unlawful. Because this filing challenges his conviction and sentence, the Court construes it as a petition for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.　　Factual and Procedural History

Roberts was convicted at trial of two counts of Hobbs Act robbery, two § 924(c) counts, and one count of being a felon in possession of a firearm. He was sentenced to a total of 474 months of incarceration, followed by 5 years of supervised release. ECF No. 133. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Roberts*, 176 F. App'x 402, 405 (4th Cir. 2006).

Many years later, Roberts filed a § 2255 petition challenging his convictions on the § 924(c) counts. ECF No. 230. The Court denied his petition on the merits. ECF

1

No. 233. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Roberts*, 778 F. App'x 247 (4th Cir. 2019).

Roberts then filed the instant § 2255 petition in which he alleges that he is factually innocent of the second § 924(c) charge and that his "stacked" sentence on that count is no longer lawful. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II. Discussion

Because Roberts has filed a previous § 2255 petition, this one is second or successive.

> A second or successive [§ 2255 petition] must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Roberts has not received an order from the Fourth Circuit authorizing a second or successive § 2255 petition, the Court does not have jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see also Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner

is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Roberts' petition for relief pursuant to § 2255, ECF No. 247, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Roberts satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. He may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                  *s/ Terry L. Wooten*
                                                  Terry L. Wooten
                                                  Senior United States District Judge

July 29, 2022
Columbia, South Carolina